IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADIE NIXON, LATOYA CONNER, DAVID CONNER, AND PORTRICE VERNON, AS MOTHER OF ARIANA CONNER, FORMERLY A MINOR, AND ARIANA CONNER<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant and Third Party Plaintiff,<br><br>v.<br><br>JADONN RONELL HARRIS, D'ANGELO MARZELL CONNER, AND METROPOLITAN LIFE INSURANCE COMPANY<br><br>Third-Party Defendants. | No. 12 C 00016<br><br>Judge John J. Tharp, Jr. |

**MEMORANDUM OPINION AND ORDER**

This action is before the Court on motions by third-party defendants JaDonn Ronell Harris and Metropolitan Life Insurance Company ("MetLife") to dismiss claims filed against them in a third-party complaint brought by the United States of America (or, the "Government"). For the reasons explained below, MetLife's motion is granted and the Government's negligence claim is dismissed. Further, Harris's motion is granted as to Count II of the third-party complaint, and the Government's mutual mistake of fact claim is dismissed.

# BACKGROUND[1]

In this action, a group of plaintiffs filed a negligence claim against the United States alleging that the Government failed to properly maintain and/or forward a form designating the plaintiffs as beneficiaries on a life insurance policy, causing them to lose insurance benefits to which they would otherwise have been entitled. After the Court denied the Government's motion to dismiss, the Government filed a third-party complaint alleging unjust enrichment and mutual mistake of fact claims against Harris and D'Angelo Conner, and a negligence claim against MetLife. Harris and MetLife moved to dismiss the claims against them.[2]

The Government alleges that Robert Conner, the Small Business Administration ("SBA") employee upon whose death the insurance policy at issue was to pay benefits, executed a designation of beneficiary form on December 15, 2000 (the "2000 Designation"),[3] and that the form was forwarded to the SBA personnel office in Denver, Colorado within a few weeks. On July 15, 2009, Robert Conner died. Shortly thereafter, Harris reviewed a file for Robert Conner that was kept at the SBA's office in Chicago. Harris located in the file a more recent designation of beneficiary form that Robert Conner had signed on April 27, 2007 (the "2007 Designation").[4] The agency acknowledgment portion of the 2007 Designation had not been completed.

---

[1] In this opinion, the Court assumes familiarity with the facts described in its prior opinion in this case, *Nixon v. United States*, --- F. Supp. 2d ----, 2013 WL 65984 (N.D. Ill. Jan. 4, 2013), but the case background is described briefly to provide details essential to resolve the pending motions.

[2] D'Angelo Conner has not answered or otherwise responded to the third-party complaint, though his answer was due on February 18, 2013.

[3] The 2000 Designation listed Harris as a 40% beneficiary, Ariana Portrice Conner as a 40% beneficiary, and D'Angelo Conner as a 20% beneficiary.

[4] The 2007 Designation listed Harris as a 21% beneficiary, Ariana Portrice Conner as a 50% beneficiary, D'Angelo Conner as a 10% beneficiary, Latoya Conner as an 8% beneficiary, Madie Nixon as a 8% beneficiary, and David M. Conner as a 3% beneficiary.

According to the Government, on July 22, 2009, Harris and/or Madie Nixon (who is another beneficiary) forwarded the form to the SBA's Denver office. On August 18, 2009, an SBA employee in Denver forwarded Robert Conner's life insurance documents, including the 2000 Designation and the 2007 Designation, to MetLife. The SBA employee included a note on the 2007 Designation stating that the form had been "received from the survivor" and that it "was never received in Human Resources prior to [Robert Conner's] death." After receiving these documents, MetLife paid benefits as indicated on the 2000 Designation, rather than on the more recent 2007 Designation.

## DISCUSSION

### I. The Third-Party Complaint Fails to Allege that MetLife Owed the Government Any Duty.

The Government alleges that MetLife acted negligently when it paid benefits to the beneficiaries named in the 2000 Designation rather than those named in the 2007 Designation. As a result of MetLife's negligence, the Government claims, the plaintiffs in the underlying lawsuit sustained damages which they now seek to recover from the Government. To state a claim for negligence in Illinois[5] "a plaintiff must plead a duty owed by a defendant to that plaintiff, a breach of duty, and injury proximately caused by the breach of duty." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1148 (7th Cir. 2010) (quoting *Bell v. Hutsell*, 402 Ill. App. 3d 654, 931 N.E.2d 299, 302 (2d Dist. 2010)). The Government's claim fails because it cannot

---

[5] The Government argues that federal common law should apply to its negligence claim because 28 U.S.C. § 1345 grants the federal courts original jurisdiction over lawsuits commenced by the United States. But because "there is no well developed body of federal common law concerning the common torts such as negligence," federal courts applying federal law generally "borrow" the state law negligence standard. *Jutzi-Johnson v. United States*, 263 F.3d 753, 759 (7th Cir. 2001). And the Government has not suggested any different standard for establishing negligence. Therefore, even if federal common law applies, the Court would still use the Illinois test for negligence.

3

allege any duty owed by MetLife to the Government. *See Jackson v. Bank of America Corp.*, 711 F.3d 788, 791 (7th Cir. 2013) ("without a duty, there is no cognizable negligence claim").

The Government alleges that MetLife had duties to determine which beneficiary designation form was correct and to pay benefits in the proportions listed on the correct designation form. But even assuming that those duties exist, they are duties MetLife owed to Robert Conner and/or to the beneficiaries, not to the Government. The Government argues that it properly maintained the 2007 Designation, and that it discharged its own duty by transmitting it (along with the 2000 Designation and other insurance forms) to MetLife after Robert Conner's death. If MetLife paid benefits based on the wrong form, the Government argues, then MetLife was negligent. In effect, the Government claims that it did not negligently cause the plaintiffs' damage; rather *MetLife* did. That may be a defense to the plaintiffs' underlying claims against the Government, but it is not a ground for a third-party complaint by the Government against MetLife—which owed no tort duty to the Government. If MetLife negligently failed to pay the correct beneficiaries (a question on which the Court intends no comment here), its liability would run only to those to whom it owed a duty of care with respect to the payment of insurance benefits. Whatever the composition of that group, it does not include the Government.

Because the Government cannot allege that MetLife owed it any duty to properly determine the beneficiaries of Robert Conner's life insurance policy, the Government fails to state a claim for negligence against MetLife, and MetLife's motion to dismiss is granted.

## II. The Government Did Not "Plead Itself Out of Court."

MetLife and Harris also argue that the Government "plead[ed] its third-party claim out of court" by denying that it received the 2007 Designation until after Robert Conner's death.[6] They claim that the Government's allegations establish that the 2007 Designation was invalid, and therefore that MetLife could not have committed negligence by failing to apply the 2007 Designation, and Harris was not unjustly enriched nor mutually mistaken by receiving MetLife's payments under the 2000 Designation.

If the 2007 Designation is invalid, then of course the Government's counterclaims must fail. But the Government is permitted to plead in the alternative, *Alper v. Altheimer & Gray*, 257 F.3d 680, 687 (7th Cir. 2001), and in any event this is a Rule 12(b)(6) motion to dismiss. The Court must construe the third-party complaint in the light most favorable to the Government and draw all reasonable inferences in its favor. *Senne v. Vill. of Palatine*, 695 F.3d 597, 601 (7th Cir. 2012). Viewed in that light, the third-party complaint alleges that the Government received the 2007 Designation prior to Robert Conner's death. The Government claims that shortly after Robert Conner's death Harris "reviewed a file for Robert Conner that was kept" in the Chicago SBA office, and that he "located a FEGLI designation of beneficiary form that was signed by Robert Conner on April 27, 2007, and witnessed by two persons." Third-Party Cmplt. (Dkt. 27) ¶¶ 17-18. Although those allegations are not a model of clarity, the Court can reasonably infer that Harris located the 2007 Designation in the file that he had reviewed, and therefore that the Chicago SBA office had received the 2007 Designation prior to Robert Conner's death.

---

[6] Although the Court has already explained that the Government's claim against MetLife is dismissed on other grounds, the Court nonetheless examines this additional argument because Harris adopted it and it could potentially affect the claims against him.

Thus, because the third-party complaint can plausibly be read to assert that the Government received the 2007 Designation before Robert Conner's passing, and that the 2007 Designation was therefore valid, the Government did not "plead itself out of court" with respect to its negligence claim.

### III. The Government's Mutual Mistake of Fact Claim is Dismissed.

The Government did plead itself out of court with respect to its mutual mistake claim, however. JaDonn Harris has moved to dismiss the Government's unjust enrichment claim, or in the alternative, to dismiss the Government's mutual mistake claim, on the ground that the Government cannot recover under both a breach of contract theory and an unjust enrichment theory. Harris acknowledges that the Government is permitted to plead inconsistent claims in the alternative, but he argues that the Government failed to "use a formulation from which it can be reasonably inferred that this is what [it is] doing." *Prudential Ins. Co. of Am. v. Clark Consulting, Inc.*, 548 F. Supp. 2d 619, 623 (7th Cir. 2008) (quoting *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000)). In response, the Government admitted that Harris "had no contract with the United States." Resp. Br. (Dkt. 54) at 12.

Mutual mistake of fact is a contract claim or defense, not a tort doctrine. *See Del Raso v. United States*, 244 F.3d 567, 571 (7th Cir. 2001) ("A mutual mistake of fact is a mistake common to the parties to a contract concerning the contract's content or legal effect that, by reason of the mistake, induces each party to do what neither intended."). The Government's mutual mistake of fact claim fails because, as it admits, there was no contract between the parties. Further, the claim also fails because the Government has failed to allege any "mutual mistake" on the part of Harris or D'Angelo Conner. According to the Government's allegations, all Harris and Conner did was accept the money that MetLife paid out under the 2000

6

Designation; the Government's counterclaim fails to set forth facts sufficient to state a plausible claim that either Harris or Conner knew that the payment they accepted had been made in error. If a mistake was made, it was a unilateral mistake on the part of the Government or MetLife. A defendant's acceptance of money paid to it does not render a mistake "mutual" even if the money should not have been paid. *See, e.g., Paine Webber Real Estate Sec., Inc. v. D.G. Meyer & Co.*, 835 F. Supp. 116, 119 (S.D.N.Y. 1993). Therefore, because the Government has not alleged facts that could plausibly support a mutual mistake cause of action against Harris or D'Angelo Conner, Harris's motion is granted in part, and Count II of the third-party complaint is dismissed.[7]

There also appears to be a potential problem with the Government's unjust enrichment claim, although no party has yet raised the issue. Generally, "[t]o state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 160, 545 N.E.2d 672, 679 (1989). Where, as here, "the plaintiff is seeking recovery of a benefit that was transferred to the defendant by a third party," recovery is proper only where: "(1) the benefit should have been given to the plaintiff, but the third party mistakenly gave it to the defendant instead, (2) the defendant procured the benefit from the third party through some type of wrongful conduct, or (3) the plaintiff for some other reason had a better claim to the benefit that the defendant." *Id.* at 161-62 (internal citations

---

[7] Though Harris is the only third-party defendant that moved for dismissal of this claim, the Court will also dismiss Count II as against D'Angelo Conner because his motion for judgment on the pleadings as to that count would inevitably follow this opinion and require dismissal of this claim.

omitted); *see also Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 854 (7th Cir. 2007) (applying *HPI* test to unjust enrichment claim where benefit was transferred to the defendant by a third party). The Government does not appear to have alleged facts that would place this action within any of the three situations described in *HPI*.

Despite this apparent problem with the unjust enrichment claim, Count I will not be dismissed at this time. Harris has not argued for dismissal based on the *HPI* factors, and the Government has not had the chance to respond to this issue. However, the Government should note that it will eventually need to prove facts establishing that its claim falls within those classes of unjust enrichment claims allowed by *HPI*, or else show why *HPI* does not apply to its claim.

\*   \*   \*

For the reasons set forth above, MetLife's motion to dismiss is granted and Harris's motion to dismiss is granted in part. Counts II and III of the Government's third-party complaint are dismissed.

Entered: July 15, 2013

John J. Tharp, Jr.
United States District Judge